

Overruled by_____
4-1026

Overrul... M Bradley
n Schlesinger
No 4785
appeal from Knox Co
525 Sw 2d 280
affirm (2d Cir 94)
V- 496 Eastland 1975)
O- 6940

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 9, 1966

Honorable D. Brooks Cofer, Jr.
District Attorney
Brazos County Courthouse
Bryan, Texas

Dear Mr. Cofer:

Opinion No. (C-602)

Re: Validity of Articles
4.12 and 45.22, Code of
Criminal Procedure of
Texas, 1966.

In a recent opinion request of this office you pose the following question:

"Does Article 4.12, Code of Criminal
Procedure of Texas, 1966, conflict with
Article V, Section 19, Constitution of
the State of Texas, and does Article
4.22, CCP, 1966 also conflict with the
same constitutional provision."

Article V, Section 19, Constitution of the State of Texas, provides as follows:

"Justices of the Peace shall have jur-
isdiction in criminal matters of all
cases where the penalty or fine to be
imposed by law may not be more than
two hundred dollars ($200), and in
civil matters of all cases where the
amount in controversy is two hundred
dollars ($200) or less, exclusive of
interest, of which original jurisdiction
is not given to the district or county
courts; and such other jurisdiction is not
given to the district or county courts;
and such other jurisdiction, criminal
and civil as may be provided by law,
under such regulations as may be pre-
scribed by law; . ..."

Article 4.12, Vernon's Code of Criminal Procedure, 1966, the first Article about which you inquire states as follows:

"A misdemeanor case to be tried in justice
court shall be tried in the precinct in

-2925-

which the offense was committed, or in which
the defendant or any of the defendants reside,
or with the written consent of the state and
each defendant or his attorney, in any other
precinct within the county; provided that in
any misdemeanor case in which the offense was
committed in a precinct where there is no
qualified justice precinct court, then trial
shall be had in the next adjacent precinct
in the same county which may have a duly
qualified justice precinct court, or in
the precinct in which the defendant may re-
side; provided that in any such misdemeanor
case, upon disqualification for any reason
of all justices of the peace in the precinct
where the offense was committed, such case
may be tried in the next adjoining precinct
in the same county, having a duly qualified
justice of the peace."

It should first be noted that Article 4.12, is very
similar to the article in the old Code of Criminal Procedure,
60a, Code of Criminal Procedure, 1925, which it replaced.
Although the wording of these two mentioned articles is
somewhat different, the intent of each is to accomplish
the same purpose, namely, setting out rules governing the
precinct in which a misdemeanor case on the justice court
level would be tried. This office on at least two separate
occasions has held Article 60a, to be unconstitutional.
Opinion No. 0-6940, 1945, and Opinion No. V-496, 1948.

The above quoted Article 4.12, prescribes certain
limitations upon the authority of justice courts to try
misdemeanor cases, and it seems to forbid the trial of any
misdemeanor cases by justice courts outside and beyond the
limitations set forth therein. In essence, the purpose of
this article is to prohibit or forbid justice courts from
trying misdemeanor cases when the case does not arrive or
come into the justice court in a manner prescribed in the
article. In the case of Ex parte Von Koenneritz, 286 SW 987
(Tex. Crim. App. 1926) the court held that a justice of the
peace court has the authority to try a case which arose in
another precinct in the county, even though the defendant had
the undisputed right to have the case tried in another precinct.
Article 4.12, would place certain limitations upon this
jurisdiction of justice courts, and therefore it is the
opinion of this office that Article 4.12 is unconstitutional
since it contravenes the provisions of Article V, Section 19,
Constitution of The State of Texas.

-2926-

Your next inquiry is with regard to Article 45.22, Code of Criminal Procedure, 1966. Said Article provides as follows:

"Section 1. No person shall ever be tried in any justice precinct court unless the offense with which he was charged was committed in such precinct. Provided, however, should there be no duly qualified justice precinct court in the precinct where such offense was committed, then the defendant shall be tried in the justice precinct next adjacent which may have a duly qualified justice court. And provided further, that if the justice of the peace of the precinct in which the offense was committed is disqualified for any reason for trying the case, then such defendant may be tried in some other justice precinct within the county.

"Section 2. No constable shall be allowed a fee in any misdemeanor case arising in any precinct other than the one for which he has been elected or appointed, except through an order duly entered upon the minutes of the county commissioners court.

"Section 3. Any justice of the peace, constable or deputy constable violating this Act shall be punished by a fine of not less than $100 nor more than $500.

"Section 4. The provisions of this Article shall apply only to counties having a population of 225,000 or over according to the last preceding federal census."

In our opinion the same reasoning set out above with regard to Article 4.12 applies when considering Article 45.22. It is our opinion, therefore, that Article 45.22, is also unconstitutional since it contravenes the provisions of Article V, Section 19, Constitution of the State of Texas. Prior Attorney General's opinions O-6940 (1945) and V-496 (1948) are affirmed and enclosed herewith.

## S U M M A R Y

Article 4.12 and 45.22, Code of Criminal Procedure of Texas, 1966, are unconstitutional since they contravene the provisions of

Article V, Section 19, Constitution of the
State of Texas.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By. Sam Kelley

Sam Kelley
Assistant Attorney General

SK/lh
Enclosures

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Pat Bailey
Milton Richardson
David Longoria

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright